UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LYON,

                Case No.:

                Honorable:
                Magistrate:

Plaintiff,

v.

MOTOR CITY CASINO
HOTEL, LLC.

Defendant.

_____/

MEROUEH & HALLMAN, PLLC
Attorneys for Plaintiff
Zachary A. Hallman, P78327
Odey K. Meroueh, P76460
14339 Ford Rd., 2nd Floor
Dearborn, MI  48126
(313) 582-7469
zhallman@mhatlaw.com
okm@mhatlaw.com

_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

John Lyon ("PLAINTIFF"), for his Complaint against

MotorCity Casino Hotel  ("DEFENDANT"), states and alleges as

follows:

1

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff John Lyon is a resident of Roseville, in the County of Macomb, State of Michigan.

2. This suit is brought and jurisdiction lies pursuant to 29 USC § 2601 et seq. of Family Medical Leave Act of 1993 ("FMLA").

3. Defendant operates throughout the State of Michigan, including in this instant district.

4. The events giving rise to this action occurred mostly in the City of Detroit, Wayne County, Michigan.

5. At all relevant times, Plaintiff was and is an eligible employee as defined by the FMLA. 29 USC 2611(2). 29 CFR 825.110-111.

6. At all relevant times, Defendant was and is an employer as defined by the FMLA. Id.

7. This Honorable Court has jurisdiction pursuant to 28 USC § 1331.

8. All the discriminatory employment practices alleged in this complaint occurred within the State of Michigan and by Defendants or one of its agents, affiliates, subsidiaries, parent organizations or some of his party the actions of which would hold Defendants liable.

## FACTUAL ALLEGATIONS

9. Plaintiff, at all relevant times to his allegations, was an individual who met the standards set forth under the FMLA to care for his ailing mother.

10. Plaintiff was employed as a table attendant for Defendant, and applied for, and received, intermittent FMLA leave to attend to the care of his mother.

11. Defendant was aware at all relevant times of Plaintiff's condition, as Plaintiff exercised intermittent FMLA leave for instances when his mother's serious medial condition was exacerbated to the extent that Plaintiff needed to take time off to care for her.

12. Plaintiff was approved from February 22, 2019 through March 8, 2019, denied from March 9, 2019 through March 19, 2019, and then approved from March 20, 2019 through August 21, 2019 for intermittent FMLA leave, to take as needed.

13. Plaintiff's denial of FMLA leave from March 9, 2019 through March 19, 2019 was unlawful.

14. Plaintiff was terminated for missing time on or around March 12, 2019, for which he took leave to care for his mother due to her serious medical condition, for which he was unjustifiably and unlawfully denied FMLA leave, for which he applied.

## COUNT I - <u>UNLAWFUL DENIAL OF LEAVE AND TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT</u>

15. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

16. Plaintiff is a qualified individual under the FMLA, by having a mother with a serious medical condition as defined by the FMLA and possessing such condition at all relevant times to the allegations in this Complaint.

17. Defendants have more than fifty employees.

18. Plaintiff had been employed by Defendant for well over a year and had worked more than 1,250 hours in the year preceding the dates of the discriminatory practices that occurred against him at all relevant times.

19. Plaintiff had on many occasions in the past taken FMLA qualifying leave care for his mother and did so without issue up until he was without rationale, unlawfully denied such leave on or around 3/12/2021, despite having applied for such leave as he had previously done countless times without denial.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

    a. An award of damages, which includes, but is not limited to back

pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

b. Liquidated damages where appropriate;

c. All damages and other relief afforded by law;

d. An award of punitive damages where appropriate in an amount to be proven at trial;

e. Attorneys' fees, interests, and costs as provided by law; and

f. Such other relief as the Court may deem just and equitable.

DATED: 03/31/2021

    Respectfully submitted,

    BY: /s/ *Zachary A. Hallman*
    ZACHARY A. HALLMAN (P78327)
    Attorney for Plaintiff 14339 Ford Rd., 2nd Floor
    Dearborn, MI 48309
    (313) 582-7469

## DEMAND FOR JURY TRIAL

John Lyon ("PLAINTIFF"), by and through his attorneys, Meroueh & Hallman, LLP, hereby makes a demand for a jury trial in this

20

matter.

Dated: March 31, 2021

                Respectfully submitted,
                Meroueh & Hallman, LLP

                BY: /s/ *Zachary A. Hallman*
                ZACHARY A. HALLMAN (P78327)
                Attorney for Plaintiff
                14339 Ford Rd., 2nd
                Floor Dearborn, MI
                48309
                (313) 582-7469